IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*United States v. John Scott Goerner*
Case No. 3:21-cr-00102-TMB-KFR-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant John Scott Goerner's Motion to Terminate Probation Early (the "Motion").[1] The United States (the "Government") did not file a response.[2] United States Probation and Pretrial Services ("USPO") supports the Motion.[3] The matter is now ripe for resolution. For the reasons discussed below, the Motion is **GRANTED**.

On May 9, 2022, pursuant to a plea agreement, Goerner pleaded guilty to Possession of a Controlled Substance (Methamphetamine) With Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 1).[4] In the underlying offense, Goerner knowingly possessed in his residence a small amount of methamphetamine for personal use.[5] On June 3, 2022, the Court accepted Goerner's guilty plea on the Magistrate Judge's Report and Recommendation.[6] On August 16, 2022, Goerner was sentenced to three years of probation.[7] Approximately one year remains on his probationary term.

Goerner now moves for early termination of his probation on the basis of his "full compliance[] while on probation," his lack of any outstanding restitution and fines, and his "well-suited" position for early termination.[8] Thus, he "respectfully request[s] the [C]ourt . . . terminate his remaining probation."[9]

---

[1] Dkt. 58 (Motion to Terminate Probation Early); Dkt. 59 (Defense Counsel Declaration).
[2] *See* Dkt. (absence). "The failure to respond to a non-dispositive motion . . . may be deemed an admission that the motion is well taken." L. Civ. R. 7.1(h) ("The District of Alaska Local Civil Rules . . . also apply to criminal proceedings, to the extent not inconsistent with these rules." L. Crim. R. 1.1(b)).
[3] Dkt. 58-1 (USPO Email) at 1.
[4] Dkt. 42 (Minute Entry); Dkt. 39 (Plea Agreement).
[5] Dkt. 39 at 3; *see* Dkt. 55 (Sealed Revised Final Presentence Report) at 1.
[6] Dkt. 46 (Text Order).
[7] Dkt. 53 (Minute Entry); Dkt. 56 (Judgment).
[8] Dkt. 58 at 1.
[9] *Id.* at 2.

USPO supports Goerner's request for early termination.[10] In reviewing his eligibility, USPO reports that "Goerner has been in full compliance, has no outstanding restitution or fines, and appears well suited to be successful following supervision."[11]

The Court must consider certain factors set forth in 18 U.S.C. § 3553(a) before terminating a defendant's probation or supervised release.[12] Those factors include "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines."[13] Additionally, the Court must follow Federal Rule of Criminal Procedure 32.1 and consider whether "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."[14] "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term of condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [§] 3553(a)."[15]

Having reviewed the briefing in this matter, the Court concludes that early termination of Goerner's probation is warranted. Given Goerner's full compliance with the conditions of his probation and his payment of all restitution and fines, and considering USPO's assessment that he appears well-situated to succeed after his probationary term, the Court determines that early termination of his probation is appropriate.

Accordingly, the Court **GRANTS** the Motion at Docket 58. FURTHER, it is hereby **ORDERED** that Goerner's term of probation is terminated effective the date of this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 26, 2024.

---

[10] Dkt. 58-1.
[11] *Id.*
[12] 18 U.S.C. § 3583(e)(1) (citing § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).
[13] *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).
[14] 18 U.S.C. § 3583(e)(1).
[15] *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Miller*, 205 F.3d 1098, 1100–01 (9th Cir. 2000) (quoting *Lussier* "in keeping with the penological objectives and policies of § 3553(a)").